

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FELICIA DANIELS, | ] |
| | ] |
| Plaintiff(s), | ] |
| | ] |
| vs. | ] CV-02-CO-02851-S |
| | ] |
| MIKE HALE, | ] |
| | ] |
| Defendant(s). | ] |

MEMORANDUM OF OPINION

This cause is before the Court for consideration of a motion for summary judgment filed by defendant Mike Hale on May 3, 2004. [Doc. 38] The motion has been briefed and is ready for submission. For the reasons set forth below, the motion will be DENIED.

I.  Standard of Review.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial

responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d

1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

II.   Facts.[1]

Daniels contends that the defendant, Sheriff Mike Hale,[2] discriminated against her in violation of the Pregnancy Discrimination Act (PDA), because he would not administer a polygraph exam to her which was a prerequisite to employment in his department. The Sheriff argues Daniels cannot state a prima facie case of discrimination under Title VII because: (1) she was not qualified for the position of property control clerk in that she was unable to take and pass the polygraph examination, which is an essential requirement of the position; and (2) the same standards were applied to her as to other applicants who were not allowed to take a polygraph examination because

---

[1] In developing the statement of facts for this opinion, the Court considered the facts proposed by the parties and the Court's own examination of the record. These are the "facts" for purposes of this opinion only. They may not be the actual facts. *Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 199), *cert. denied, USX Corp. v. Cox*, 114 S. Ct. 900 (1995).

[2] The Jefferson County Commission was dismissed on December 3, 2003, with plaintiff's consent. [Doc. 28]. The remaining defendant, Mike Hale, became sheriff in January 2003 and was substituted automatically by operation of law for the previous sheriff. At the time of the incident giving rise to this lawsuit, Jim Woodward was the sheriff of Jefferson County. Parties' Joint Status Report, Doc. 32. The Court will refer to the moving defendant as the Sheriff or Mike Hale.

of medical conditions. Doc. 39, pp. 2-11. Further, the Sheriff argues that it has a legitimate, nondiscriminatory reason for his actions which Daniels cannot show is pretextual in that polygraph examiners will not administer tests to pregnant women due to concerns about the health of the mother and fetus and reliability of the results. *Id.* at pp. 11-22. Finally, Mike Hale argues that Daniels' § 1983 claims are due to be dismissed because: (1) he is immune from suit since his only actions as to Daniels were as a policymaker and he makes policy only in his official capacity; and (2) Daniels has no evidence of a policy or custom of the Sheriff that led to unconstitutional or otherwise unlawful actions. *Id.* at 22-23.

The parties agree to the facts material to defendant's motion. *See* Defendant's Initial Submission, Doc. 39; Plaintiff's Initial Submission, Doc. 41; Defendant's Reply, Doc. 44. Plaintiff proposed the following summary of facts, which the defendant admitted are undisputed:

The plaintiff, Felicia Daniels, is a female and was twenty-six weeks pregnant when she received a conditional offer of employment as a property control clerk with the defendant. The defendant requires prospective employees to take a polygraph test prior to employment. The examiner

refused to administer the polygraph exam to Daniels because she was pregnant. Daniels subsequently obtained a medical release from her physician, but the examiner continued to refuse to give her the test because she was pregnant. Daniels was excluded from the job because she was not allowed to take the polygraph test. It is the policy and practice of the Sheriff's Department to not administer polygraph tests to pregnant women. Plaintiff's Response, Doc. 41, pp. 1-2; Defendant's Reply, Doc. 44.

III. Discussion.

    A.    The Pregnancy Discrimination Claim.

In 1978, Congress amended Title VII by enacting the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), which brought discrimination on the basis of pregnancy within the existing statutory framework prohibiting sex-based discrimination. *Armstrong v. Flowers Hosp. Inc.*, 33 F.3d 1308, 1312 (11th Cir. 1994). The analysis required for a pregnancy discrimination claim is the same type of analysis used in other Title VII sex discrimination suits. *Id.* at 1312-13. Thus, a PDA plaintiff may prove discrimination by showing: (1) she was damaged by a facially neutral employment policy which has a statistically provable "disparate impact" on

pregnant employees; or (2) that she was subjected to "disparate treatment" in that the employer intentionally discriminated by (a) adopting a policy that explicitly treats pregnant employees different from others or (b) applying a facially neutral employment policy which was a "pretext" for discrimination. *Flowers Hosp.*, 33 F.3d at 1313. In this case, Daniels claims she was subjected to intentional "disparate treatment" discrimination.

As observed above, the Sheriff argues Daniels cannot prove a prima facie case of intentional discrimination under the *McDonnell-Douglas* test commonly utilized in analyzing Title VII claims, and that she cannot prove the proffered non-discriminatory explanation of defendant's actions is pretextual. However, Daniels is not relying on the *McDonnell-Douglas prima facie* formulation, but claims that her situation is more akin to the facial discrimination discussed in *International Union et al. v. Johnson Controls, Inc.*, 499 U.S. 187 (1991).

The *Johnson Controls* court observed that the PDA explicitly provides that discrimination "on the basis of sex" includes discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions." 499 U.S. at 198-99. Like the *Johnson Control* policy, the Sheriff's policy of

refusing to perform lie detector exams on prospective pregnant employees "does not pass the simple test of whether the evidence shows 'treatment of a person in a manner which but for that person's sex would be different.'" *Id.* at 200, citing *Los Angeles Dept. of Water and Power v. Manhart*, 435 U.S. 702, 711 (1978).[3]

In reply, the Sheriff argues that *Johnson Controls* is inapposite because the policy in that case was concerned with the health of the mother and the fetus, while the Sheriff's policy is concerned with the reliability of the polygraph results.[4]  Doc. 44.  However, the *Johnson Control* court said "[w]hether an employment practice involves disparate treatment through

---

[3] The evidence that persons with other medical conditions were also excluded from the polygraph examination would be relevant if the plaintiff relied on circumstantial evidence and the *McDonnell-Douglas* formulation, but does not affect Daniels' prima facie showing of facial discrimination.  "Every employment decision involves discrimination.  An employer, when deciding who to hire, who to promote, and who to fire, must discriminate among persons.  Permissible bases for discrimination include education, experience, and references.  Impermissible bases for discrimination, under federal law, include race, sex, and age.  . . .  Thus, in an employment discrimination suit, the key question usually is:  On what basis did the employer discriminate?" *Wright v. Southland Corp.*, 187 F.3d 1287, 1289 (11th Cir. 1999) (Tjoflat, J.).  Daniels has presented evidence that she was excluded from the employment selection process due to her pregnancy.

[4] The evidence is that the policy was adopted due to concerns about the health of the mother and fetus as well as concerns for the reliability of the results. *See* Doc. 40, Ex. 3-7.

explicit facial discrimination does not depend on why the employer discriminates but rather on the explicit terms of the discrimination." 499 U.S. at 199.

Accordingly, the plaintiff has presented direct evidence that the Sheriff discriminated against her on the basis of her sex, and the Sheriff's motion for summary judgment is due to be denied as to the Title VII claims.[5]

B.   The Section 1983 Claims.

The Sheriff argues the § 1983 claims against him should be dismissed because he has Eleventh Amendment immunity in his official capacity as policymaker, and he committed no wrong against plaintiff in his individual capacity. In response, the plaintiff has argued merely that "in light of well established precedent including *Fitzpatrick v. Bitzen*, 427 U.S. 445 (1976) . . . plaintiff assumes that defendant does not seriously contend that this action is barred by the Eleventh Amendment." Doc. 41, p. 9. *Fitzpatrick* was an action brought under Title VII, and not § 1983.

---

[5]In her response, Daniels argues summary judgment should be granted in her favor. Doc. 41, p. 9. To the extent this is a properly raised motion for summary judgment, the plaintiff has not met her burden of showing she is entitled to judgment as a matter of law in that she has not discussed the "bona fide occupational qualification" defense. *Johnson Controls*, 499 U.S. at 200.

Title VII explicitly applies to States as employers. *Fitzpatrick*, 427 U.S. at 445. In civil actions invoking Title VII, state defendants lack Eleventh Amendment protection. *Id.*; *Allen v. Alabama State Bd. of Ed.*, 816 F.2d 575 (11th Cir. 1987). It is well-settled that government officials must be sued in their official capacities, rather than their individual capacities, under Title VII. *Busby v. City of Orlando*, 931 F.2d 764 (11th Cir. 1991). Accordingly, Daniels has no individual capacity claim against Hale under Title VII but her official capacity claims under Title VII are appropriate.

Congress has not abrogated Eleventh Amendment immunity in § 1983 cases, and Alabama has not waived its immunity. *Alabama v. Pugh*, 438 U.S. 781 (1978); *Carr v. City of Florence*, 916 F.2d 1521 (11th Cir. 1990). Hale, in his official capacity as Sheriff of Jefferson County, is a state official under Alabama law. *Parker v. Amerson*, 519 So. 2d 442 (Ala. 1987). Although the Eleventh Amendment insulates states from suit in federal court, the Eleventh Amendment does not insulate state officials acting in their official capacities from suit, at least to the extent the complainant seeks prospective injunctive relief. *Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir.

1995), citing *Parker v. Williams*, 862 F.2d 1471, 1475 (11th Cir. 1989). Although suits for prospective injunctive relief and reinstatement are appropriate, the Eleventh Amendment does bar suits against state officials in their official capacities for money damages, because official capacity actions seeking damages are deemed to be against the entity of which the officer is an agent. *Cross v. State*, 49 F.3d 1490, 1503 (11th Cir. 1995). The Eleventh Amendment does not preclude a damages award against state actors in their individual capacity under § 1983. *Cross*, 49 F.3d at 1503. However, Hale was not sheriff at the time of the events giving rise to Daniels' lawsuit and individual liability under § 1983 must be based on something more than a theory of *respondeat superior*. Id., at 1508. Accordingly, to the extent Daniels seeks prospective injunctive relief and instatement, her action against Hale under § 1983 in his official capacity is appropriate. To the extent she seeks money damages, she may not proceed under § 1983 against Hale in his official capacity or his individual capacity and she is limited to money damages available under Title VII.

It does not appear that Daniels has asserted an individual capacity claim against Hale or his predecessor under either Title VII or § 1983. *See*

*Complaint,* Doc. 1. Daniels limited her complaint to allegations of official capacity liability under Title VII and § 1983 and nothing in her summary judgment submission indicates an intent to proceed otherwise. Daniels may appropriately proceed in her claims against Hale in his official capacity under Title VII. She may seek prospective injunctive relief against Hale in his official capacity under § 1983. She is not suing Hale in his individual capacity. Accordingly, Hale's motion for summary judgment as to the claims under § 1983 is due to be denied.

IV. Conclusion.

For the reasons stated herein, the defendant's motion for summary judgment is due to be denied in its entirety. A separate order will be entered.

Done, this 23rd of August, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE